Ronald Lee WALLACE,
Plaintiff–Appellant,

v.

Doctor AMIN, et al., Defendants–
Appellees.

No. 03–3215.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before: DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

## ORDER

Ronald Lee Wallace, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 19, 2002, Wallace filed a complaint against the following officials employed by the Ohio Department of Rehabilitation and Correction: Doctor Amin, Doctor Norman Fishkoff, Doctor Glennard Ruedisueli, and Warden Christopher Yanai. Relying upon the Eighth Amendment, Wallace alleged that the defendants were deliberately indifferent to his medical needs. Wallace alleged that on May 30, 2002, and again on June 6, 2002, he sprained his right ankle and knee, but Amin refused to provide him with an Ace bandage, a knee brace, crutches, or a walker. Wallace alleged that he was forced to "hop around for 5 weeks, 6 days" until he "finally received a wheelchair on July 19, 2002." According to Wallace, Fishkoff and Ruedisueli "didn't try to intercede with Dr. Amin asking [Amin] to give [him] a wheelchair" and Yanai did not intervene in his attempt to secure walking aids. Wallace sought monetary relief and requested the court "to investigate all 3 Doctor's" and Yanai's "policy of no crutches, canes or walkers for mental patients."

The district court dismissed the action without prejudice pursuant to the provisions of 28 U.S.C. § 1915(g). Wallace filed a timely appeal and has paid the appellate filing fee.

The "three strikes" provision of § 1915(g) prohibits a prisoner from initiating a civil action or appealing a judgment in a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act ("PLRA"), the "three strikes" provision became effective on April 26, 1996. *Wilson v. Yaklich*, 148

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

F.3d 596, 602 (6th Cir.1998). However, "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Id.* at 604.

Upon review, we conclude that the district court properly dismissed Wallace's complaint without prejudice. Wallace has had at least six previous lawsuits dismissed as frivolous or for failure to state a claim. The fact that the dismissals of those cases occurred prior to the effective date of the PLRA is of no consequence. *See id.* In addition, Wallace did not allege any facts to establish that he was in imminent danger of serious physical injury when he filed the instant complaint. Thus, Wallace's complaint did not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis. *See* 28 U.S.C. § 1915(g). Because Wallace's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.